UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| DANIEL C. WALSH | : CASE NO. |
|    Plaintiff, | : 3:01CV-01872(JCH) |
| | : |
| v. | : |
| | : |
| SARGEANT ERIC SOUSA,#S4 | : |
| OFFICER RANDY IRELAND, #19 | : |
| OFFICER AMERICO TAVARES, #27 | : |
| OFFICER CLYDE OBAR, #10 | : |
| OFFICER PAUL MARKETTE, #33 | : |
| OFFICER THERON JOHNSON, #11 | : |
|    Defendants. | : |
| | : OCTOBER 12, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE**

**I.  BACKGROUND**

As a result of the Court's ruling on the Defendants' Partial Motion for Summary Judgment, the plaintiff's only remaining claims are a §1983 claim for excessive force, assault and battery, and intentional infliction of emotional distress all relating to events occurring on January 16, 2000. See Ruling: Re Defendants' Partial Motion for Summary Judgment of March 25, 2004.  The plaintiff's claims of alleged malicious prosecution and alleged false arrest were dismissed on summary

376526

judgment.  Id.  The plaintiff's claims of alleged violations of free speech and due process and a claim of excessive bail have all been withdrawn by the plaintiff.  Id.

The plaintiff provided a list of witnesses in the Joint Trial Memorandum of September 27, 2004, which included doctors Sidney S. Horowitz, Gerard Abidor, Kenneth Allen and Stephen Stein, as well as a social worker M. Sarof, MSW.  To date the plaintiff has failed to comply with the expert disclosure requirements set forth under Rule 26(a)(2) of the Federal Rules of Civil Procedure, having previously disclosed only Dr. Horowitz and Dr. Abidor and having failed to provide expert reports as required by Rule 26 for any of the named experts, with the exception of a two page letter from Dr. Abidor that does not satisfy the requirements of Rule 26(a)(2) in that it provides no information regarding the qualifications and background of Dr. Abidor.  As a result of such noncompliance the plaintiff should be precluded from introducing evidence from the above named experts.

For the following reasons, the Court should limit the plaintiff's expected attempt to introduce evidence from medical, mental health and other medical providers and limit all evidence to the events that occurred on January 16, 2000.

## II.  ARGUMENT

### A.  Evidence From Medical and Mental Health Providers Should Be Precluded

On the eve of trial, the plaintiffs have yet to comply with Rule 26(a)(2) and provide the defense with full expert disclosure or expert reports.  Rule 26(a)(2)(A) requires disclosure of the identity of any expert witness.  Rule 26(a)(2)(B) requires the expert to prepare a report containing "a complete statement of all opinions to be expressed and the basis and reasons therefore," as well as "the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."  Rule 26(a)(2)(C) requires the report to be disclosed *at least 90 days before trial* or within 30 days after the opposing party has made its disclosures.  Rule 26(a)(2) also requires the disclosure of extensive background information regarding each disclosed expert, which allows the opposing party to explore potential bias.

According to Rule 37(c)(1), "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed."  Fed. R. Civ. P. 37.  Rule 37(c)(1), however, does not require witness preclusion for untimely disclosure if there is a substantial justification or if missing the deadline is harmless.  Michelone v. Desmarais, 25 Fed. Appx. 155, 158 (4th Cir. 2002); see 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2289.1 (2d ed.

376526

1994) ("The sweep of this exclusion is softened by the proviso that it should not apply if the offending party's failure to disclose was 'substantially justified,' and that even if the failure was not substantially justified the exclusion should not apply if the failure was "harmless.""").  "The reason for requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources.'"  McCloughan v. City of Springfield, 208 F.R.D. 236, 240 (C.D. IL 2002).

Here, plaintiff disclosed experts Sidney S. Horowitz, Ph.D. and Dr. Gerard Abidor, on October 1 and June 21, 2002, respectively.  See Exhibits A and B.  There was no mention of compensation or mention of previous cases in which either expert may have been involved in the preceding four years, and plaintiff supplied no expert report "containing a complete statement of all opinions to be expressed and the basis and reasons therefore," despite the fact that trial is scheduled to begin within 21 days.  To both disclosures was added the caveat that "the Plaintiff is awaiting a written report [from the doctors] and will supplement his expert disclosure upon receipt of said report."  See Exhibits A and B.  To date, the only additional documentation received was a two page report from Dr. Abidor, dated August 25, 2002, that the defendants obtained by noticing Dr. Abidor's deposition.  See Exhibit C (Medical Report of 8/25/02).

Further, on the eve of trial, no disclosure has even been made for Dr. Kenneth Allen, Dr. Stephen Stein or M. Sarof, MSW.  Because discovery is long closed, the defendants are deprived of

the opportunity to depose these witnesses or to retain their own experts to rebut any opinions that may be offered. The plaintiff should not be permitted to introduce any expert testimony regarding a claimed causal link between the defendants' alleged excessive force, assault and battery or intentional infliction of emotional distress and any reported health problems. Absent such a link, any medical evidence would necessarily be irrelevant.

### B.  Evidence of Prior Lawsuits Against Defendants or the Borough of Naugatuck Should Be Precluded

The defendants seek an order to prevent the plaintiff from presenting any evidence at trial regarding any previous lawsuits brought by any party against the named defendants or the Borough of Naugatuck Police Department arising out of events or occurrences unrelated to the facts of January 16, 2000, alleged in this matter. Such evidence is irrelevant and overly prejudicial to the defendants.

To be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 of the Federal Rules of Evidence states curtly that, "evidence which is not relevant is not admissible." The plaintiff has raised no claims alleging or citing any prior improper conduct of the named defendants. Nor has the plaintiff raised a claim under Monell v. Dep't of Social Services, 436 U.S. 68 (1978), alleging a pattern of practice of misconduct. Therefore, evidence of prior claims would not be relevant to the claims at issue regarding whether the defendants used excessive force, committed assault and battery or intentionally inflicted emotional

distress while attempting to subdue the plaintiff on the evening of January 16, 2000. Such claims are narrowly and properly focused on factual events occurring on January 16, 2000.

Alternatively, the admission of such evidence would be prejudicial and can only invite speculation, cause confusion, and waste time and judicial resources. Rule 403 of the Federal Rules of Evidence precludes even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In this matter, the probative value of evidence unrelated to the events occurring on January 16, 2000, is so slight, and the potential for prejudice and confusion so great, that preclusion of such evidence is warranted by Rule 403.

In addition, because the Court has ruled that the plaintiff cannot recover on his claims for malicious prosecution, false arrest, alleged violations of plaintiff's First Amendment free speech rights, unreasonable or excessive bail, alleged violation of Fourteenth Amendment due process, it would be prejudicial to the defendants for the jury to hear evidence or references to those claims, which are not relevant to the plaintiff's remaining claims.

376526

### III. **CONCLUSION**

Because the introduction of testimony from experts who are undisclosed or for whom no reports have been received would cause unfair surprise and confuse the issues to be tried, the Court should enter an order precluding the introduction or reference to any such evidence before the jury is exposed to it. The granting of this motion will promote judicial economy and the smooth conduct of this trial by limiting the areas of controversy.

In addition, because the issues to be tried are exceedingly narrow, the Court should enter an order preventing the plaintiff from presenting any evidence at trial regarding (2) claims of malicious prosecution, which claims were dismissed on summary judgment; (3) claims of false arrest, which claims were dismissed on summary judgment; (4) claims of violations of plaintiff's First Amendment free speech rights, which claims were withdrawn by the plaintiff; (5) claims of "unreasonable or excessive bail bond" under the Eighth Amendment, which claims were withdrawn by the plaintiff; (6) claims of violation of Fourteenth Amendment due process, which claims were withdrawn by the plaintiff; and (7) any previous lawsuits brought by any party against the named defendants or the Borough of Naugatuck Police Department arising out of events or occurrences unrelated to the facts of January 16, 2000.

WHEREFORE, the defendants respectfully seek an order precluding any reference at trial to the categories of evidenced discussed herein.

        RESPECTFULLY SUBMITTED,
        DEFENDANTS
        SARGEANT ERIC SOUSA, OFFICER RANDY IRELAND, OFFICER AMERICO TAVARES, OFFICER CAROLINE OBAR, OFFICER PAUL MARKETTE, and OFFICER THERON JOHNSON

By: /s/ James N. Tallberg
    JAMES N. TALLBERG, ESQ.
    Federal Bar Number Ct17489
    UPDIKE, KELLY & SPELLACY, P.C.
    One State St., P.O. Box 231277
    Hartford, CT 06123-1277
    Tel. No. (860) 548-2600
    jtallberg@uks.com

376526

**CERTIFICATION**

I hereby certify that on October 12, 2004, a copy of the foregoing, Memorandum of Law in Support of Defendant's Motion in Limine, was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jason M. Lipsky, Esq.
Moynahan, Minnella & Tindall LLC
141 East Main Street, P.O. Box 2242
Waterbury, Connecticut 06722
jlipsky@moyahanlawfirm.com

By: /s/ James N. Tallberg_____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

376526